**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**CERTAIN UNDERWRITERS at LLOYD'S**
**et al.,**

                         **Plaintiffs,**                         **MEMORANDUM**
                                                                             **AND ORDER**

      -against-                                                      **14-CV-4717 (FB)**

**NATIONAL RAILROAD PASSENGER**
**CORPORATION et al.,**

                        **Defendants.**
-------------------------------------------------------------x

**ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:**

      Currently pending before the Court, in this declaratory judgment insurance coverage action, is a motion filed by defendant National Railroad Passenger Corporation ("Amtrak") to compel discovery from non-party Resolute Management Inc. ("RMI"), which handles insurance claims on behalf of certain insurers that are parties to the case. See Letter Motion to Compel (Dec. 30, 2016) ("Mot. to Compel"), Electronic Case Filing Docket Entry ("DE") #555. Specifically, Amtrak requests that RMI: (1) produce a witness to testify as to the scope of the Court-ordered production completed by RMI; (2) produce an index identifying which documents were previously produced, including by plaintiffs London Market Insurers ("LMI"), and which documents were not; and (3) provide the bates numbers of all third-party claims handling files contained in the production, identifying which were generated by RMI and which were generated by third-party claims handlers but are now within RMI's possession, custody or control. See id. at 1. Amtrak further seeks to compel LMI to produce for the

completion of his deposition Andrew Donaldson, the RMI employee with principal responsibility for Amtrak's claims (who was also designated by LMI as its Rule 30(b)(6) witness regarding claims handling and RMI's involvement in LMI's document production). See id.[1]  For the reasons discussed below, Amtrak's motion is granted in part and denied in part.

## BACKGROUND

This is the third in a series of motions concerning a subpoena *duces tecum* served upon non-party RMI, which directs litigation, manages discovery and conducts the handling of Amtrak's claims for coverage, on behalf of all the Underwriters at Lloyd's who are parties to this action and on behalf of a number of additional London insurers and non-London insurers. On August 2, 2016, the RMI-represented insurers moved for a protective order, which this Court denied in substantial part.  See [RMI-Represented Entities'] Letter Motion for a Protective Order (Aug. 2, 2016) ("8/2/16 Mot. for Protective Order"), DE #416; Minute Entry (Aug. 9, 2016) ("8/9/16 Minute Entry"), DE #423.  The movants argued that the subpoena sought documents that were duplicative of those already produced to Amtrak by various insurers.  See 8/2/16 Mot. for Protective Order at 2.  According to the movants, RMI had overseen the collection and production of documents responsive to Amtrak's party document requests, and the RMI-represented insurers had produced documents "within RMI's possession, custody, and control pertaining to RMI's work on their behalf." Id. at 1.  The movants also represented that they were not taking the position that documents held by RMI

---

[1]  The incomplete deposition was that of Mr. Donaldson in his personal capacity.  See Transcript of November 21, 2016 Deposition of Andrew Donaldson at 1, 141, DE #554-2.

were beyond their control nor did RMI take such a position. See id.

Amtrak thereafter moved to enforce the subpoena. See Amtrak's Motion to Compel (Oct. 11, 2016), DE #1 in 16-mc-2778. Based on its finding of ambiguity in RMI's representations that its production in response to the subpoena would be entirely duplicative of the documents the party insurers already produced, see Memorandum and Order (Nov. 23, 2016) ("11/23/16 M&O") at 9, DE #13 in 16-mc-2778, the Court largely granted Amtrak's motion, see generally id.

By order dated December 10, 2016, this Court granted RMI an extension of time to December 16, 2016 to complete its production in response to Amtrak's subpoena and afforded Amtrak until December 29, 2016 to make reasonable additional discovery requests triggered by the production of any RMI documents that had not been previously produced by the insurers. See Order (Dec. 10, 2016), DE #17 in 16-mc-2778.

## DISCUSSION

Amtrak now complains that the documents ultimately produced by RMI "appear[] to be overwhelmingly duplicative of LMIs' prior productions." Mot. to Compel at 2. As previously argued in support of its motion to enforce the subpoena, Amtrak again contends that RMI should have documents that were not produced by LMI -- to wit, its "own files as a third-party claims handler, along with the files of its predecessor third-party claims-handlers." Id. Much as RMI argued in response to the motion to enforce the subpoena, RMI counters that "LMI had previously produced the claims files of RMI and its predecessors in response to document requests on LMI, and has withheld no such documents." RMI's Response in Opposition (Jan. 5, 2017) ("Response in Opp.") at 1, DE #557. Moreover, according to RMI, it has now

produced those same claims file documents again.  See id.

"Under ordinary circumstances, a party's good faith averment that the items sought simply do not exist, or are not in his possession, custody or control, should resolve the issue of failure of production." Bank of New York v. Meridien BIAO Bank Tanzania Ltd., 171 F.R.D. 135, 152 (S.D.N.Y. 1997) (quoting Doe I v. Karadzic, No. 93 Civ. 878, 1997 WL 45515, at *6 (S.D.N.Y. Feb. 4, 1997)).  In the face of such a denial, "the discovering party must make an adequate showing to overcome this assertion." SEC v. Gibraltar Global Secs., Inc., No. 13 Civ. 2575 (GBD)(JCF), 2015 WL 1514746, at *2 (S.D.N.Y. Apr. 1, 2015) (citation omitted).

The record in this case now contains additional evidence concerning the nature and scope of the searches for responsive documents.  RMI directed a search of hard copy files, including claims files it holds in its Boston office, scanned copies of its paper files held in London by its affiliate Resolute Management Services Limited, including claims files, and all other records relating to Amtrak's policies and claims held in RMI's electronic document repository.  See Declaration of Joseph L. Ruby dated January 5, 2017 ("1/5/17 Ruby Decl.") ¶ 8(a), (b), DE #557-1; Declaration of Joseph L. Ruby dated December 7, 2016 ("12/7/16 Ruby Decl.") ¶ 10, DE #14-1 in 16-mc-2778.  RMI further searched data held on its RAPID database, which contains policy information, claims handler notes, records of payments and similar information, and electronic documents sent, received, or saved by five claims handlers who were responsible for the Amtrak account at any time.  See 1/5/17 Ruby Decl. ¶ 8(c), (d); 12/7/16 Ruby Decl. ¶ 10.  In addition, RMI conducted a search of electronic documents held by the claims handlers' supervisors and documents and emails located by RMI's affiliate,

Resolute Management Limited.  See 1/5/17 Ruby Decl. ¶¶ 10-13; 12/7/16 Ruby Decl. ¶ 31. Based on these searches, RMI has re-produced documents previously produced by LMI -- as well as documents that were not previously produced.  See 1/7/17 Ruby Decl. ¶¶ 14, 15, 18.

Obviously, RMI cannot produce documents that do not exist.  In the face of the above showing, Amtrak cites no evidence that RMI has withheld its own or its predecessor's claims files.  To be sure, Amtrak argues that Sharon Taylor, discovery coordinator for the RMI-affiliated entities, testified that "she was instructed to locate and produce only those documents already produced by LMI."  Mot. to Compel at 2.  However, Ms. Taylor testified that she was "not actually involved" in this production but that she had heard from a colleague that they were "reproduc[ing] the documents that we previously supplied."  Transcript of December 13, 2016 Deposition of Sharon Taylor ("Taylor Dep.") at 155-56, DE #555-4.  In fact, it is undisputed that RMI's production consisted primarily (but not exclusively) of documents that had previously been produced.  See Response in Opp. at 1 & n.5; Mot. to Compel at 2.  The hearsay testimony cited by Amtrak is hardly sufficient to refute the unequivocal statements by RMI and LMI that they did not limit the RMI searches or production to documents previously produced by LMI.  See Response in Opp. at 1 & n.5; 1/7/17 Ruby Decl. ¶¶ 8-13, 18; Email from John Sullivan to Rhonda Orin and Dan Healy dated December 29, 2016, DE #555-5.

Amtrak further argues that RMI "should have a substantial amount of files that are not held by the plaintiffs."  Mot. to Compel at 2.  However, Amtrak proffers no facts to substantiate that claim.  On the contrary, the deposition testimony elicited shows that, in addition to electronic files, RMI held only two or three redwelds of claims files and perhaps one box of files from RMI's predecessor.  See Transcript of November 16, 2016 Rule 30(b)(6)

Deposition of Andrew Donaldson ("Donaldson Dep.") at 207-12, DE #557-3; Taylor Dep. at 163, DE #557-5. Indeed, RMI and LMI have consistently represented that they have not withheld the claims files of RMI. See Response in Opp. at 1. While Amtrak apparently has been unable to identify which documents in the production are the claims files referenced by RMI and LMI, Amtrak has otherwise provided no reason for the Court to doubt the aforesaid representations.

Amtrak also seeks to take the deposition of a witness as to the scope and nature of the RMI production and to complete the deposition of Andrew Donaldson, "the Resolute employee with principal responsibility for Amtrak's claims and who testified as LMIs' 30(b)(6) witness on both claims-handling and Resolute's involvement in LMIs' previous document production." Mot. to Compel at 1. Even though Amtrak should have been more diligent in scheduling the continuation of Mr. Donaldson's deposition prior to the deadline for completion of fact discovery, the Court directs LMI to produce Mr. Donaldson for the completion of the deposition that was terminated prematurely due to his illness. As for Amtrak's demand that RMI produce a witness for deposition concerning its production, the Court rules that Amtrak will be permitted to question Mr. Donaldson regarding RMI's search for responsive documents and production; the Court declines to direct the production of any additional witness, inasmuch as RMI, through LMI's counsel, Joseph Ruby, has provided a detailed account of the search for responsive documents. See generally 1/5/17 Ruby Decl.; 12/7/16 Ruby Decl.

Amtrak further requests that RMI produce an index identifying which documents were previously produced and which were not, as well as the bates numbers of all third-party claims handling files and the original source of those documents (e.g., RMI versus predecessor third-

party claims handlers).  See Mot. to Compel at 1, 2.  In response, RMI states that it has no method of determining which documents produced by RMI had been previously produced by LMI, short of a document-by-document comparison.  See 1/5/17 Ruby Decl. ¶¶ 17, 18.  To the extent they have not already done so, the Court will not direct RMI or LMI to undertake a task that Amtrak could perform on its own.

As for the source of the documents produced, Amtrak has cited evidence that RMI and/or LMI have already created an index containing at least some of the information sought by Amtrak with respect to the LMI production – to wit, a one-page "cheat sheet" identified by Mr. Donaldson during his Rule 30(b)(6) deposition, which identifies the bates ranges and origin of certain documents.  See Mot. to Compel at 2 n.8; Donaldson Dep. at 129, DE #554-10; Declaration of Daniel J. Healy dated December 29, 2016, Ex. J, DE #555-11.  RMI responds that "this list was *voluntary disclosed*," and points to LMI's interrogatory responses that included some of the information on the "cheat sheet," but fails to address whether the "cheat-sheet" produced at the deposition was a partial or complete list.  See Response in Opp. at 3 n.10 (emphasis added); Exhibit 3 to LMI's Responses to Amtrak's Second Set of Interrogatories, DE #557-8; Amended Exhibit 3 to LMI's Responses to Amtrak's Second Set of Interrogatories, DE #557-9.  RMI is directed to file a declaration, by January 23, 2017, detailing the circumstances under which that exhibit was created.  The Court will then rule on this aspect of Amtrak's motion.

Finally, given the long-standing dispute as to whether claims files have at any time been produced, RMI must identify by bates numbers, by January 23, 2017, those documents produced that constitute third-party claims handling files.

## CONCLUSION

For the reasons explained above, this Court grants in part and denies in part Amtrak's motion to compel.

Any objections to the Memorandum and Order must be filed with the Honorable Frederic Block by January 31, 2017, or will be deemed waived. The filing of any objection will not automatically stay this Court's order of production.

**SO ORDERED.**
**Dated:** **Brooklyn, New York**
**January 17, 2017**

/s/  *Roanne L. Mann*

**ROANNE L. MANN**
**CHIEF UNITED STATES MAGISTRATE JUDGE**