UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
CERTAIN UNDERWRITERS at
LLOYDS, et al.,

                Plaintiffs,

-against-

NATIONAL RAILROAD PASSENGER
CORPORATION, et al.,

                Defendants.
---------------------------------------------------x

**ORDER**
Case No. 14-CV-4717 (FB) (RLM)

**BLOCK, Senior District Judge:**

Rule 14(a)(1) allows a defendant to implead a nonparty "who is or may be liable to it for all or part of the claim against it." The rule does not apply in this case because the plaintiffs' complaint seeks only a declaration that they are not obligated to indemnify the defendant. Success on that claim would not make any of the proposed third parties "liable to [the defendant] for all or part of the claim against it."

On occasion, courts have overlooked the plain language of the rule and allowed third-party practice in declaratory judgment actions. In *Old Republic Insurance Co. v. Concast, Inc.*, 99 F.R.D. 566 (S.D.N.Y. 1983), Judge Carter allowed an insured to implead its insurance broker in a coverage action to "facilitate judicial economy by avoiding multiple and circuitous suits." *Id.* at 568. He cited *American Fidelity & Casualty Co. v. Greyhound Corp.*, 232 F.2d 89 (5th Cir. 1956), in which the Fifth Circuit stated that "the purposes of the Rule, including the desire to avoid circuity of actions and to obtain consistent results, must

be balanced against any prejudice which the impleaded party might suffer, and these considerations are left to the discretion of the trial court." *Id.* at 92.

In a typical coverage case, the Court might agree that all interested parties should be joined and then bound by a single declaratory judgment. But in this case, judicial economy is best served by not allowing third-party practice. As the Court has said before, it expects its ruling on the upcoming summary judgment motions to resolve the principal issues of law, which will likely aid in bringing this complex matter to a final resolution between Amtrak and all the insurers, whether or not they are parties to this action. Joining new parties now would complicate the issues and slow down the process. Of course, if there still are any recalcitrant insurers after the Court's ruling, Amtrak will be free to file a separate lawsuit against them.

For these reasons, the London Market Insurers' premotion letter of March 29, 2016, is construed as a motion to dismiss Amtrak's third-party complaint and amended third-party complaint. So construed, the motion is granted. Those two pleadings are dismissed without prejudice to Amtrak's right to bring a separate action against the same third parties if circumstances warrant.

**SO ORDERED**.

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
January 26, 2017