**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**CERTAIN UNDERWRITERS at LLOYD'S,**
**et al.,**

                               Plaintiffs,                    **MEMORANDUM**
                                                                         **AND ORDER**

        -against-

                                                                         **14-CV-4717 (FB)**

**NATIONAL RAILROAD PASSENGER**
**CORPORATION, et al.,**

                               **Defendants.**
-------------------------------------------------------------x

**ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:**

      By Memorandum and Order dated March 28, 2017, this Court denied a motion filed by plaintiffs London Market Insurers ("LMI") seeking to preclude defendant National Railroad Passenger Corporation ("Amtrak") from including in its damages calculation costs disclosed after the close of fact discovery. See Memorandum and Order (Mar. 28, 2017) ("March 28 M&O"), Electronic Case Filing Docket Entry ("DE") #590. Recognizing that LMI had not had the opportunity to take fact discovery on these newly asserted costs, this Court directed LMI to file a letter "describing the supplemental discovery they seek, limited to the newly disclosed costs claimed by Amtrak." See id. at 7. Despite the aforesaid limitation, LMI ask for supplemental discovery to "explore two sets of issues": (a) the "$4 million in newly claimed costs"; and (b) the "recoveries [that] Amtrak received, or was [] entitled by agreement to receive, from other entities . . . ." Letter Motion for Discovery (Apr. 5, 2017) ("LMI's Mot. for Discovery") at 1, DE #606. Amtrak consents to the discovery sought by LMI

concerning Amtrak's newly disclosed costs, but not to discovery on the second issue. See Response to Motion (Apr. 10, 2017) ("Amtrak Response"), DE #608. For the reasons that follow, LMI's request is granted in part and denied in part.

**DISCUSSION**

As recounted in the March 28 M&O, in January 2017, LMI discovered, in another case, a court filing reflecting that Amtrak had recovered from American Premier Underwriters ("APU"), the successor to the previous owner of the site at issue during this phase of the litigation (Sunnyside Yards), more than $722,000 of the costs claimed for environmental remediation of that site. See March 28 M&O at 2. LMI determined that because Amtrak had not deducted this sum from its damages calculation, it was thereby seeking a double recovery of that amount. See id. At LMI's request, on February 27, 2017, Amtrak updated a prior interrogatory response to reflect that Amtrak had received from APU $722,988.63, in addition to the $8.6 million that Amtrak had previously disclosed. See id. At the same time, Amtrak also updated its damages calculation to reflect approximately $4.067 million in invoices for "investigation and remediation costs relating to the Sunnyside Yards Site" that had not previously been included in Amtrak's computation of damages. See id.

LMI's pending motion for supplemental discovery seeks the following: (1) responses to five interrogatories and two document requests; (2) a Rule 30(b)(6) designee on five topics; and (3) an extension of the April 28 expert deposition deadline with respect to three witnesses. See generally LMI's Mot. for Discovery. LMI describe two sets of issues that they wish to explore. First, LMI seek specific information regarding the approximately $4 million of costs newly claimed by Amtrak. See id. at 1. Second, LMI seek information regarding *any*

-2-

recoveries Amtrak has received or was entitled to receive from APU, New Jersey Transit or any other entity, for costs incurred for investigation or remediation of Sunnyside Yards. See id. at 2. Amtrak essentially consents to discovery regarding the former and objects to discovery concerning the latter. See Amtrak Response.

This Court agrees with Amtrak that the supplemental discovery permitted should be limited to information regarding the approximately $4 million in newly claimed costs. Those costs were first disclosed by Amtrak on February 27, 2017, and LMI promptly filed their preclusion motion on March 9, 2017, complaining only of Amtrak's belated disclosure of the additional costs. See generally Motion to Strike Untimely Cost Claims (Mar. 9, 2017), DE #583. Significantly, although LMI had discovered the APU payment sometime in January, they failed to seek to reopen discovery to determine whether there were any additional undisclosed payments to Amtrak from APU or other entities, nor did LMI's March 9th motion allege any prejudice caused by the delayed disclosure of that particular APU payment –- which was in addition to the $8.6 million that Amtrak had previously disclosed. See March 28 M&O at 2. Apart from the $722,988.63 APU payment, LMI cite no other third-party payment that Amtrak failed to timely disclose.[1] While LMI now demand an itemized breakdown of each and every third-party payment or reimbursement, see Supplemental Interrogatory No. 2, DE #606-1 at 4, LMI acknowledge that, during fact discovery, they had "repeatedly" asked Amtrak to provide itemized information, to no avail. See LMI's Mot. for Discovery at 2. The time for

---

[1] Amtrak had also disclosed that it had been reimbursed by New Jersey Transit "for the costs of investigation and remediation work performed by contractors in response to the NYSDEC orders and [] those payments are not part of Amtrak's claim for coverage." Exhibit B to Declaration of Aisha Bembry at 5, DE #583-3.

moving to compel the production of such itemized information has therefore passed. LMI may not use Amtrak's late disclosure of additional cost information as an excuse to explore reimbursement issues that could have been pursued with the Court during or around the time of the fact discovery period.

Accordingly, LMI may serve only its proposed Supplemental Interrogatory 1, which Amtrak is directed to respond to by April 21, 2017.[2] In addition, should LMI wish to depose a Rule 30(b)(6) witness with respect to Subject Matters 1 and 4, Amtrak shall produce a witness on a mutually convenient date on or before April 28, 2017, to testify on those limited subjects. Amtrak need not respond to LMI's two proposed Supplemental Document Requests, both of which relate to third-party payments. See DE #606-2.

LMI further request that the expert deposition deadline be extended for the depositions of Amtrak's experts, Bruce Dubinsky and John Simon, and LMI's expert, Guy Vaillancourt. See LMI's Mot. for Discovery at 2-3. Amtrak opposes deferring the depositions of its own experts but consents to deferring the deposition of Mr. Vaillancourt. See Amtrak Response at 2. Although Amtrak's experts addressed the newly claimed costs in their reports, it would be unfair to LMI to have to conduct those depositions before the above supplemental discovery has been completed. In addition, to the extent that LMI contemplate that their expert, Mr. Vaillancourt, will amend his initial and rebuttal expert reports, LMI are granted leave to serve only one supplemental report, addressing solely the newly disclosed costs.

---

[2] Notwithstanding the above discussion regarding third-party payments, Amtrak must respond to Supplemental Interrogatory 1(k), which appropriately seeks, with respect to the approximately $4 million in newly claimed costs, "[t]he amount of the payment made by other entities." See DE #606-1 at 3.

## CONCLUSION

For the foregoing reasons, LMI's motion for supplemental discovery is granted in part and denied in part. Amtrak must respond to Supplemental Interrogatory 1 by April 21, 2017 and, by April 28, 2017, must, at LMI's request, produce a Rule 30(b)(6) witness strictly limited to Subject Matters 1 and 4; LMI may serve Mr. Vaillancourt's limited supplemental report by May 10, 2017. The deadline for the completion of the depositions of Messrs. Dubinsky, Simon and Vaillancourt is extended to May 19, 2017.

Any objections to this Memorandum and Order must be filed with the Honorable Frederic Block by April 28, 2017, or will be deemed waived. The filing of an objection will not stay this Court's Order.

**SO ORDERED.**

**Dated:**     **Brooklyn, New York**
              **April 14, 2017**

/s/    *Roanne L. Mann*
**ROANNE L. MANN
CHIEF UNITED STATES MAGISTRATE JUDGE**